The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SUSAN PARMAR, individually and on behalf of others similarly situated,

Plaintiff,

v.

SAFEWAY, INC.,

Defendant.

Case No. C10-421 MJP

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

This matter comes before the Court on Plaintiff's motion for leave to file a second amended complaint. (Dkt. No. 12.) Having reviewed the motion, Defendant's opposition (Dkt. No. 17), Plaintiff's reply (Dkt. No. 24), and all papers submitted in support thereof, the Court GRANTS the motion. The Court orders the parties to submit a revised Joint Status Report within 10 days of this order.

**Background**

Plaintiff filed an amended class action complaint against Safeway, Inc., alleging that Safeway violated Washington law by denying meal and break periods. (Dkt. No. 6 ¶¶ 1-5.) Plaintiff seeks to represent a class of Washington employees of Safeway. (Id. ¶ 22(a).) Plaintiff seeks leave to amend her complaint to add a claim under the Fair Labor Standards Act and

represent a national class of persons who worked for Safeway who are similarly situated to her and denied overtime pay. (Dkt. No. 12 at 3.) Plaintiff avers that the factual allegations overlap between her state and federal claims. (Id. at 3-4.) Defendant opposes amendment.

**Analysis**

Leave to amend is to be freely granted when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave, the Court is counseled to consider four factors: (1) undue delay; (2) bad faith; (3) futility in amendment; and (4) prejudice to the non-moving party. Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010). "Where the legal basis for a cause of action is tenuous, futility supports the refusal to grant leave to amend." Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d 980, 986 (9th Cir. 1999).

Defendant argues that Plaintiff's amendment is futile because the FLSA prohibits her from represented an opt-out class. (Dkt. No. 17 at 4, 7-9.) Plaintiff explains in response that she seeks to represent an opt-in national FLSA class and an opt-out Washington class. (Dkt. No. 24 at 2.) Although Plaintiff's complaint fails to specify whether the national class is opt-in or opt-out, the Court accepts Plaintiff's representation that she seeks to represent only an opt-in class with regard to her FLSA claim. It is not legally futile for Plaintiff to seek to represent an opt-in FLSA class. See, e.g., Lindsay v. Gov't Employees Ins. Co., 448 F.3d 416 (D.C. Cir. 2006) (finding nothing inherently wrong in having both an opt-in and opt-out class in the same case).

Defendant also argues that Plaintiff's proposed amended complaint fails to satisfy Rule 8(a). (Dkt. No. 17 at 5-7.) Defendant essentially asks the Court to test the sufficiency of the allegations and interjects several factual issues that Court cannot resolve on the pleadings. This is not a basis to find legal futility of amendment. Defendant may renew its arguments for dismissal under Rule 8(a) on a proper Rule 12 motion.

Defendant contends that the amendment is futile because Plaintiff cannot obtain injunctive relief under the FLSA or Washington law. (Dkt. No. 17 at 9-10.) Plaintiff's prayer for relief in the proposed amended complaint nowhere seeks injunctive relief. (Dkt. No. 12 at

13-15.) Plaintiff seeks only liquidated damages, attorneys' fees, costs, and judgment in her favor. Defendant's unfounded argument is without merit.

Defendant argues the amendment is made in bad faith because Plaintiff's counsel has been informed of the untenable nature of Plaintiff's claims. (Dkt. No. 17 at 10-12.) Plaintiff's counsel explains the factual basis for the FLSA claim, which shows evidence of sufficient inquiry by counsel. Plaintiff has satisfied the Court that the claim is not made in bad faith. The Court rejects Defendant's argument.

Defendant has not argued that it is prejudiced by the amendment or that there has been undue delay. The Court finds evidence of neither element. Having considered the relevant factors and the commands of Rule 15, the Court GRANTS Plaintiff's motion and GRANTS leave to file an amended complaint.

**Conclusion**

Plaintiff has demonstrated sufficient cause for amending her complaint. The Court is unconvinced that any valid ground exists to deny the amendment. The Court GRANTS leave to amend the complaint. The parties are ordered to submit a revised Joint Status Report in light of this order. The parties must submit the report within 10 days of this order.

The Clerk shall transmit a copy of this Order to all counsel of record.

Dated this 18th day of June, 2010.

Marsha J. Pechman
United States District Judge